**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BARBARA STONE, and the
ESTATE OF HELEN STONE, et al.,**

    **Plaintiffs,**

vs.                                        Case No. 4:20cv568-MW-MAF

**RONALD DESANTIS, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This case was initiated on December 15, 2020, with several persons seeking to join together as Plaintiffs, all of whom were proceeding pro se. An Order was entered on January 4, 2021, advising that if Plaintiffs were unable to pay the filing fee, appropriate in forma pauperis motions must be filed by each person desiring to participate in this case.  ECF No. 6. Plaintiffs were given until February 4, 2021, to comply.  ECF Nos. 6, 8.

Plaintiffs thereafter sought to proceed without payment of the fee, but they did so by submitting a "demand for mandatory fee waiver." ECF No. 12.  That motion was denied and Plaintiffs were informed that federal law

required the payment of a filing fee. 28 U.S.C. § 1914 (cited in ECF No. 15). Plaintiffs were further advised that an action could proceed without payment of the filing fee, but only "by a person who submits and affidavit" which demonstrates his or her inability to pay the fee. *Id.* at 2. As a courtesy, the deadline to either pay the fee or file a proper in forma pauperis motion was extended to **February 19, 2021**. *Id.* at 7.

That deadline expired a week ago, but nothing has been filed. Despite being warned that if they failed to comply with the Order, a recommendation of dismissal would be entered, Plaintiffs have neither paid the fee nor filed an in forma pauperis motion. It appears that Plaintiffs have abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R.

Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiffs did not comply with three Court Orders requiring payment of the filing fee or the filing of proper in forma pauperis motions, Plaintiffs have failed to prosecute this case.  Dismissal is appropriate.

## Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 26, 2021.

 S/    Martin A. Fitzpatrick   
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on**

**appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv568-MW-MAF