IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**BARBARA STONE, and the
ESTATE OF HELEN STONE,
et al.,**

    *Plaintiffs*,

v.    Case No.: 4:20cv568-MW/MAF

**RONALD DESANTIS, et al.,**

    *Defendants*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 18, and has also reviewed *de novo* Plaintiffs' "Emergency Motion to Move Forward with This Case Without Unconscionable Personal Affidavits," ECF No. 21, which this Court construes as objections to the report and recommendation. Plaintiffs argue that this Court has not taken their claims seriously and should not require them to file affidavits in support of any motion to proceed *in forma pauperis*. Indeed, Plaintiffs assert they "do not believe an Affidavit is necessary," and will not trust this Court with their personal information. ECF No. 21 at 2-3.

This Court has afforded Plaintiffs multiple opportunities to comply with court orders to submit a proper *in forma pauperis* motion and supporting affidavit to move forward with this case, *see* ECF Nos. 6, 8, & 15, however Plaintiffs have refused to do so. But Plaintiffs are not above the law. It is well-settled in this Circuit that proceeding *in forma pauperis* is not a right. *See Carter v. Thomas*, 527 F.2d 1332, 1333 (5th Cir. 1976).[1] It is a privilege, and permission to do so is committed to the discretion of this Court. *Id*. Accordingly,

**IT IS ORDERED**:

The report and recommendation is **accepted and adopted**, over Plaintiffs' objections, as this Court's opinion. The Clerk shall enter judgment stating, "Plaintiffs' claims are dismissed for failure to prosecute and failure to comply with court orders." Plaintiffs' "emergency motion," ECF No. 21, is **DENIED as moot**, and the Clerk shall close the file.

**SO ORDERED on March 24, 2021.**

s/Mark E. Walker
**Chief United States District Judge**

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.